# Staunton.

## Town of Victoria v. Victoria Ice, Light and Power Company, Inc.

### September 21, 1922.

1. Constitutional Law—*Construction—Proceedings in the Constitutional Convention—Case at Bar.*—In the instant case the proceedings of the constitutional convention as to section 125 of the Constitution of 1902 showed that an amendment was proposed to the first clause of section 125 making its restriction apply to the lease as well as to the sale of public property, but failed of adoption.

2. Municipal Corporations—*Public Service Franchises—Necessity of Three-Fourths Vote of Members of the Council—Case at Bar.*—Complainant filed its bill against defendant, a public service corporation, for the purpose of annulling the franchise granted by it to the corporation to use and occupy the streets of complainant for the distribution of electric current. Among the reasons urged to show the invalidity of the franchise was the fact that it was not adopted by a three-fourths vote of all of the members elected to the council. In support of this contention complainant relied on section 125 of the Constitution of 1902, and section 3016 of the Code of 1919, which are practically identical. This section clearly limits the powers of a city council, and the first clause directs the mode of procedure when the council undertakes to sell the public property of the municipality of the character thereby designated. It prohibits the sale of such property unless authorized by ordinance or resolution passed by a recorded affirmative vote of three-fourths of all of the members elected to the council; but this clause was followed by a period, and no further reference is made in the section to such sales of public property. The second clause immediately following this period refers only to franchises, leases, etc., to use public property in a manner not permitted to the general public, but it contains no direction as to the method by which such privileges are to be granted, and no requirement of a three-fourths vote.

   *Held:* That a careful consideration of the language of section 125, even without the illuminating debate in the Convention, leads inevitably to the conclusion that, while the restriction as to a three-fourths vote of the elected members of a council applies to the sale of public property, it is not applicable to leases or franchises granting the use and

occupation of the streets of a municipality to a public service corporation, and the General Assembly has evidently so interpreted the Constitution by sections 3013 and 3018 of the Code of 1919.

3. CONSTITUTIONAL LAW—*Construction—Restrictions on Power of Municipality to Grant Franchise or Sell or Lease Property Strictly Construed.*—Restrictions in a Constitution upon the sale or lease of public property by a municipality or the granting of franchises by a municipality to use public property are strictly construed, and unless they clearly . apply, a municipal council in such cases is governed by general rules.

4. ORDINANCES—*Adoption of Ordinance—Majority Vote.*—Unless restricted by the Constitution, only a majority of the council of a municipality is necessary for the adoption of an ordinance.

5. MUNICIPAL CORPORATIONS—*Public Service Franchises—Method of Determining Valuation of Plant upon Termination of Grant—Provisions for Forfeiture of Grant and to Secure Efficient Public Service.*—An ordinance granting an electric light and power company a franchise to use the streets of a city was not invalid because no method of determining the valuation of the plant and property upon the termination of the grant was therein provided for, and no provision by way of forfeiture of the grant or otherwise was made to secure efficiency of public service at reasonable rates and the maintenance of the property in good order throughout the term of the grant, as directed by section 125 of the Constitution of 1902 and section 3016 of the Code of 1919. These directions are not of the essence of the franchise.

6. MUNICIPAL CORPORATIONS—*Power to Contract—Estoppel—Mandatory and Directory Provisions of Statutes.*—While the power of municipal corporations to contract is generally limited by the imposition, upon the exercise thereof, of certain mandatory requirements or conditions, the delegation of power to contract is also frequently a general one, even though there is imposed upon the officers of the corporation, in exercising the power, the duty to follow certain statutory formalities. Where the power to contract is general, these requirements are construed to be directory merely, and not mandatory, and the corporation may be estopped to assert its failure to comply therewith in order to defeat liability upon an executed contract within the general scope of its power to make. In such case the doctrine of estoppel is as applicable to a public corporation as it is to a private corporation or an individual.

7. MUNICIPAL CORPORATIONS—*Ordinance Granting Franchise—Advertisements for Bids—Case at Bar.*—In the instant case the validity of an ordinance granting a franchise to use the streets of a city to a public service corporation was attacked because of an inadvertence in the advertisement required by section 3018 of the Code of 1919 in that upon its first publication it omitted the following language: "All bids should be delivered or sent to H. T. Faison, clerk, Victoria, Va., and the said bids will be opened by said council in the office at 8

o'clock p. m. March 2, 1914." The ordinance was published four times, and in the last three insertions the language quoted appeared. *Held:* That this failure strictly to observe the directions of the statute as to notice could not be held to invalidate the ordinance, as the council was engaged in the performance of a legislative function, not a judicial one, so that notice was not essential.

8. Municipal Corporations—*Ordinance Granting Franchise—Advertisement for Bids—Estoppel—Case at Bar.*—The objects of section 3018 of the Code of 1919, in requiring an advertisement for bids before the granting of a franchise to a public service corporation were to induce competitive bidding and to notify the public of the purpose of the council to solicit bids for the franchise and to grant it, not in a corner, but publicly. Where, as in the case at bar, there was nothing to indicate that there had been any prejudice, and all interested had for six years acted upon the assumption of its validity, the parties are estopped from denying it.

9. Municipal Corporations—*Franchise—Bond Required by Section 3020 of the Code of 1919.*—Section 3020 of the Code of 1919 provides that the person or corporation to whom a franchise, right, or privilege is awarded by a municipality shall execute a bond in favor of the municipality. No penalty is provided for the failure of the council to observe this direction, and the provision must be construed to be directory, because not of the essence of the grant.

10. Municipal Corporations—*Grant of Franchise by Municipality—Directory Statutes—Estoppel.*—While the councils of cities and towns should carefully observe the directory provisions of statutes prescribing the method of the grant of franchises by municipalities, and, if objection is taken in due season, can be required to do so, still after such a franchise as a municipality is clearly authorized to grant has been granted and the public utility has been constructed and operated thereunder for a number of years, the city is estopped to raise such an objection.

Appeal from a decree of the Circuit Court of Lunenburg county. Decree for defendant. Complainant appeals.

*Affirmed.*

The opinion states the case.

*N. S. Turnbull, Jr.,* for the appellant.

*Geo. E. Allen* and *E. Randolph Williams,* for the appellee.

PRENTIS, J., delivered the opinion of the court.

[1-4] The appellants filed their bill in equity against the appellee for the purpose of annulling the franchise granted the Victoria Ice, Light and Power Company to use and occupy the streets of the town for the distribution of electric current, upon the ground that it had been improperly granted and hence was null, void and ineffective. There was a demurrer to this bill, which the trial court sustained.

Among the reasons urged to show the invalidity of the franchise is the fact that it was not adopted by a three-fourths vote of all of the members elected to the council. In support of this contention, Constitution, section 125,* and Code, section 3016, are relied on. Their language is identical, except that there are four minor appropriate verbal differences which do not change the meaning, and the last clause which in the statute reads: "Nothing herein contained shall be construed as repealing any additional restriction now required in any existing municipal charter, in relation to the powers of cities and towns in granting franchises

---

*"*Section 125. Sale of corporate property and granting of franchises by cities and towns.*—The rights of no city or town in and to its water front, wharf property, public landings, wharves, docks, streets, avenues, parks, bridges, and other public places, and its gas, water, and electric works shall be sold except by an ordinance or resolution passed by a recorded arffimative vote of three-fourths of all the members elected to the council, or to each branch thereof where there are two, and under such other restrictions as may be imposed by law; and in case of the veto by the mayor of such an ordinance or resolution, it shall require a recorded affirmative vote of three-fourths of all the members elected to the council, or to each branch thereof where there are two, had in the manner heretofore provided for in this article, to pass the same over the veto. No franchise, lease or right of any kind to use any such public property or any other public property or easement of any description, in a manner not permitted to the general public, shall be granted for a longer period than thirty years. Before granting any such franchise or privilege for a term of years, except for a trunk railway, the municipality shall first, after due advertisement, receive bids therefor publicly, in such manner as may be provided by law, and shall then act as may be required by law. Such grant, and any contract in pursuance thereof, may provide that upon the termination of the grant the plant as well as the property, if any, of the grantee in the streets, avenues, and other public places shall thereupon, without compensation to the grantee, or upon the payment of a fair valuation therefor, be and become the property of the said city or town; but the grantee shall be entitled to no payment by reason of the value of the franchise; and any such plant or property acquired by a city or town may be sold or leased, or if authorized by law, maintained, controlled and operated, by such city or town. Every such grant shall specify the mode of determining any valuation therein provided for, and shall make adequate provision by way of forfeiture of the grant or otherwise, to secure efficiency of public service at reasonable rates, and the maintenance of the property in good order throughout the term of the grant. Nothing herein contained shall be construed as preventing the General Assembly from prescribing additional restrictions on the powers of cities and towns in granting franchises or in selling or leasing any of their property, or as repealing any additional restriction now required in relation thereto in any existing municipal charter."

or in selling or leasing any of their property." While a casual reading both of the constitutional provision and the statute may appear to justify such a view, a careful consideration thereof clearly discloses that it cannot be maintained. The section clearly limits the powers of the city council, and the first clause directs the mode of procedure when it undertakes to sell the public property of the municipality of the character thereby designated. It prohibits the sale of such property unless authorized by ordinance or resolution passed by a recorded affirmative vote of three-fourths of all of the members elected to the council; but this clause is followed by a period, and no further reference is made in the section to such sales of public property. The second clause immediately following this period refers only to franchises, leases, or rights to use public property in a manner not permitted to the general public, but it contains no direction as to the method by which such privileges are to be granted and no requirement of a three-fourths vote. This was observed while the article was under consideration by the Constitutional Convention, as clearly appears in the debates (Vol. 2; pp. 1992–5, 1997–8, 2030–1, 2033–40). Hon. Charles V. Meredith, of Richmond, offered an amendment requiring that no ordinance granting any such franchise or privileges should be adopted except by a recorded vote of two-thirds of all of the members elected to each branch of the council, and, in case of a veto by the mayor, a recorded vote of three-fourths of all such members to pass the ordinance over such veto. This proposed amendment was debated and defeated by the Convention. After this he endeavored to have the first clause of the section amended so that its restriction would apply to the lease as well as to the sale of public property, but in this effort he also failed. Such

restrictions in the Constitution are strictly construed, and unless they clearly apply, the council in such cases is governed by general rules. Unless restricted, only a majority of the council is necessary for the adoption of an ordinance. Even without the illuminating debate in the Convention, a careful consideration of the language of the section leads inevitably to the conclusion that while the restriction applies to the sale of such public property, it is not applicable to leases or franchises granting such use and occupation of the streets of a municipality to public service corporations. While a three-fourths vote is necessary when such property is sold, only a majority is necessary when, as in this case, franchises to use the public streets are granted. The General Assembly has also evidently so interpreted the Constitution, for Code, section 3018, provides that an ordinance granting any franchise, privilege, lease, or right of any kind to use any public property or easement of any description, except in the case of and for a trunk railway, may be passed over the mayor's veto, as in the case of other ordinances— that is to say, by a vote of two-thirds of all the members elected to the council (Code, section 3013); while Code, section 3020, expressly authorizes the council to reject a higher and accept a lower bid by a recorded vote of a majority of the members elected; and in the interest of the municipality to award such franchise, right, or privilege, to the lower bidder therefor.

Here the town council consisted of six members at the time the ordinance was adopted. There being one vacancy and one member absent, there was a valid adoption of the ordinance by the other four members of the council who were present and voted therefor.

[5] The ordinance is also attacked as invalid, because no method of determining the valuation of the

9

plant and property upon the termination of the grant is therein provided for, and no provision by way of forfeiture of the grant, or otherwise, is made to secure efficiency of public service at reasonable rates and the maintenance of the property in good order throughout the term of the grant, as directed by the constitutional and statutory provisions above referred to.

Our view as to this objection is that these directions are not of the essence of the franchise. In the language of this court, used in *Redd* v. *Supervisors of Henry County*, 31 Gratt. (72 Va.) 695, "Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly and prompt conduct of the business, and by a failure to obey which the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory; and if the act is performed, but not in the time or in the precise mode indicated, it may still be sufficient, if that which is done accomplishes the substantial purpose of the statute."

In 2 McQuillin on Municipal Corporations, sec. 607, p. 1335, this doctrine is thus stated: "Departure from the form prescribed for corporate action, as in the passage of an ordinance, will not affect the validity of such action unless the charter or governing law makes such formality vital, as by declaring the action or ordinance void unless the form prescribed be followed."

[6] This general statement as to the contractual powers of municipalities, from the note to *First National Bank* v. *Emmettsburg*, 157 Ia. 555, 138 N. W. 451, L. R. A. 1915A, 991, note, is well supported by the authorities: "While the power of these corporations to contract is generally limited by the imposition upon the exercise thereof of certain mandatory requirements or conditions, the delegation of power to contract is

also frequently a general one, even though there is imposed upon the officers of the corporation, in exercising the power, the duty to follow certain statutory formalities. Where the power to contract is general, these requirements are construed to be directory merely and not mandatory, and the corporation may be estopped to assert its failure to comply therewith in order to defeat liability upon an executed contract within the general scope of its power to make. In such case the doctrine of estoppel is as applicable to a public corporation as it is to a private corporation or an individual."

The reason of this rule equally applies here, for the general power to grant the use of the streets upon such lawful conditions as the municipality may impose clearly exists.

The failure to provide a method of valuation here and to make provision by way of forfeiture are not absolutely essential to the privileges granted. Code, section 3023, affords adequate remedies for the enforcement of the other provisions of the ordinance while a fair valuation, if necessary, could be otherwise secured. The valuation of the grant at the termination of the franchise would only be necessary if the town should determine to exercise its privilege to buy the property, and unnecessary unless the town did so determine. We conclude, therefore, that this omission in the grant does not invalidate it.

[7, 8] The validity of the ordinance is also challenged because of an inadvertence in the advertisement upon its first publication—that is to say, it omitted the following language: "All bids should be delivered or sent to H. T. Faison, clerk, Victoria, Va., and the said bids will be opened by said council in the office at 8 o'clock p. m., March 2, 1914." The ordinance was published

four times, and in the last three insertions the language just quoted appeared. The objects of Code, section 3018, in requiring the advertisement, were to induce competitive bidding and to notify the public, citizens of the community and others, of the purpose of the council to solicit bids for the franchise and to grant it, not in a corner, but publicly. Where, as in this case, there is nothing to indicate that there has been any prejudice, and all those interested have for six years acted upon the assumption of its validity, the parties are estopped from denying it. The purpose of the provision is to require publicity, and in this case that purpose was attained. The council was engaged in the performance of a legislative function, not a judicial act, so that notice was not essential. The failure strictly to observe this direction as to notice cannot now be held to invalidate the ordinance. *City of Benwood* v. *Wheeling Ry. Co.*, 53 W. Va. 465, 44 S. E. 271.

[9, 10] Another irregularity relied on is that the grantee was not required to execute a bond in favor of the town, as required by Code, section 3020. That section reads: "* * provided further, however, that the person or corporation to whom any such franchise, right, or privilege, is awarded, whether by competing bids or otherwise, as hereinbefore provided, shall first execute a bond with good and sufficient security, in favor of the city or town, in such sum as said city or town shall determine, conditioned upon the constructing and putting into operation and maintaining the plant or plants provided for in the franchise, right, or privilege granted." No penalty is provided for the failure of the council to observe this direction. In this case, instead of demanding a bond, the council required a certified check for $100, and this requirement was complied with. This provision must also be construed to be directory, because not of

the essence of the grant. While the councils of cities and towns should carefully observe such statutes, and if objection is taken in due season, can be required to do so, still after such a franchise as a municipality is clearly authorized to grant has been granted and the public utility has been constructed and operated thereunder for a number of years, as in this case, the city is estopped to raise such an objection. *Mayor* v. *Hagerstown R. Co.*, 123 Md. 183, 91 Atl. 170, Ann. Cas. 1916B, 1267, 7 A. L. R. 1239; *Marion Water Co.* v. *Marion*, 121 Iowa 306, 96 N. W. 883; 4 McQuillin Mun. Corp., sec. 1687, p. 3566.

Our conclusion, therefore, is that none of these irregularities invalidate the franchise, that the constitutional provisions and the statutes which authorize such grants have been substantially complied with, that therefore the company has a valid franchise granted by the town, and that the trial court committed no error in sustaining the demurrer to the bill.

*Affirmed.*