## Curtis W. Harris

## v.

## Riley E. Ingram, et al.

Record No. 891216

June 8, 1990

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting, and Lacy, JJ., and Harrison, Retired Justice

*Paul C. Bland* for appellant.

*William G. Broaddus (Scott C. Oostdyk; McGuire, Woods, Battle & Boothe*, on brief), for appellees.

JUSTICE STEPHENSON delivered the opinion of the Court.

Code § 2.1-639.7(A), a portion of the Comprehensive Conflict of Interests Act, prohibits a member of a local governing body from having a personal interest in any contract with the governing body. Subsection B(3) thereof provides, however, that the general prohibition in Subsection A shall not apply to

[a] contract awarded to a member of a governing body as a result of competitive sealed bidding where the governing body has established a need for the same or substantially similar goods through purchases prior to the election or appointment of the member to serve on the governing body. However, the member shall have no involvement in the preparation of the specifications for such contract, and *the remaining members of the governing body, by written resolution*, shall state that it is in the public interest for the member to bid on such contract.

(Emphasis added.)

The sole question in this appeal is whether application of the exception set forth in Subsection B(3) requires a unanimous vote by the disinterested members of the governing body.

Curtis W. Harris, a member of the City Council of the City of Hopewell, brought a declaratory judgment proceeding against the City and against the other members of council (collectively, the City).* Harris sought, *inter alia*, to have the trial court declare that Subsection B(3) "requires that all of the remaining members [of council] agree in a written resolution . . . that it is in the public interest for a member to bid on a contract with the City." The trial court, in sustaining the City's demurrer and dismissing the proceeding, ruled that Subsection B(3) "does not require the written resolutions . . . to be adopted by unanimous vote of all eligible council members." Harris appeals the trial court's judgment.

The facts are those as alleged in the bill of complaint. Before his election to council, Robert R. Saunders, Jr., principal owner of E.H. Saunders & Sons, "customarily entered into contracts with

---

* The defendants/appellees are Riley Ingram, Paul Karnes, Oscar Tomlin, Victor Fuzy, Barbara Leadbetter, and Robert Saunders, Jr., who were members of council when the challenged action was taken, and Robert Legat, who subsequently became a member of council in the place of Leadbetter, who resigned.

the . . . city to provide electrical goods and services." On October 11, 1988, council members Ingram, Karnes, Tomlin, Fuzy, and Leadbetter voted to adopt two resolutions stating that "it is in the public interest for the firm of E.H. Saunders & Sons, of which [Saunders] is a principal owner, to bid by competitive bidding on a contract to provide electrical work [to the City]." Harris voted against the adoption of the resolutions, and Saunders abstained. Subsequently, E.H. Saunders & Sons was awarded the contracts as the low bidder after competitive sealed bidding.

Harris contends that the phrase, "the remaining members of the governing body," requires a unanimous vote of all members of council who are not involved in the proposed contractual relationship. The City contends that the phrase merely identifies the members of council eligible to vote on the resolution, and that the resolution may be passed by a majority vote.

■ The statute requires the action to be taken by "written resolution." Generally, only a majority of a governing body is necessary to adopt a resolution. *See Town of Victoria* v. *Victoria Ice, Etc., Co.*, 134 Va. 124, 129, 114 S.E. 89, 90 (1922). Exceptions to the general rule are strictly construed, and unless they clearly apply, the general rule prevails. *Id.*

■ Subsection B(3) does not state that the resolution must be approved by a unanimous vote of the remaining members of the governing body. It simply provides that only those members who do not have a personal interest in the contract may vote on the resolution. Construing Subsection B(3) strictly, we conclude that the General Assembly did not abrogate the general rule of "majority vote" and impose an exception requiring a unanimous vote of the remaining members of council.

Accordingly, the trial court's judgment will be affirmed.

*Affirmed.*